IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| BLONDEL TCHOUPOU KENNE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  13-6007 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                          **JULY 25, 2014**

      Presently before this Court is Plaintiff, Blondel Tchoupou Kenne's Request for Appointment of Attorney.  For the reasons set forth below, this Request is denied.

**I.      BACKGROUND**

      Plaintiff filed suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963 ("PHRA"), alleging that Defendant discriminated against him, and retaliated against him, based upon his national origin of Cameroon, Africa.  Compl. at 3.  Specifically, Plaintiff alleges that he was harassed by his supervisors, his employment was terminated, and he was retaliated against based upon his national origin.  Id.

      Plaintiff filed a Request for Appointment of Attorney.  (See Doc. No. 2.)  On June 16, 2014, we ordered Plaintiff to submit an affidavit responding to questions relevant to our determination concerning the appointment of counsel in this case.  (See Doc. No. 9.)  Plaintiff submitted a timely response adequately answering the questions posed to him.  (See Doc. No. 10.)

## II.     DISCUSSION

It is well settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Gordon v. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)).  However, a district court is empowered with the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the plaintiff's claim has arguable merit in fact and law.  Upon a favorable finding, the court then proceeds to consider certain additional factors that bear on the necessity for the appointment of counsel.  Id. at 155. These factors enunciated in Tabron include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155).  This list is not exhaustive, nor is any one factor determinative.  Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

At the early stage of this litigation, it is difficult to discern whether Plaintiff's claim possesses "merit in fact and law."  However, upon review of the Complaint, it appears Plaintiff's claim has arguable merit in fact and law.  Consequently, we proceed upon the analytical course charted in Tabron.

A.     **The Plaintiff's Ability to Present His Own Case**

The ability of a plaintiff to present his own case is arguably the most significant of the Tabron factors. Montgomery, 294 F.3d at 501. This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and the restraints placed on him by incarceration (i.e., access to resources such as a typewriter, telephone and computer). Tabron, 6 F.3d at 156; see also Parham, 126 F.3d at 459. However, it is not necessary that plaintiffs have the skills and expertise of a trial lawyer; only that they possess the baseline abilities to adequately present their case. See Gorden v. Gonzalez, 232 F. App'x at 157 (the decision point is not whether plaintiff is a trial lawyer).

In response to an Order from this Court, Plaintiff filed an Affidavit providing information necessary to our determination of whether to appoint counsel. (See Doc. No. 10.) Upon examination of this Affidavit and Plaintiff's court filings, we find Plaintiff possesses the baseline abilities to adequately present his case. Plaintiff has completed two years of undergraduate study at the University of Technology of Dschang in Cameroon, Africa. (Id.) Additionally, Plaintiff has completed two years of undergraduate study at Camden County Community College. (Id.) He, also, states that he is currently enrolled at Rutgers University in the Engineering Science Program and has an Environmental Technician Certificate from Camden County Community College. (Id.) Plaintiff's employment history includes over seventeen years working within the electrical field. (Id.)

Plaintiff reads, writes and understands English. Plaintiff's filings evidence his ability to understand legal issues, write coherently, and set forth legal arguments in support of his claims. Plaintiff appears to have access to the essential resources to prosecute his claim. In light of these

facts, we find that Plaintiff is able to present his own case.  See Mastromatteo v. Simock, 849 F. Supp. 25, 27 (E.D. Pa. 1994) (appointment of counsel not warranted where plaintiff was literate, presented clear and coherent motions and pleadings and properly cited case law).  Though no one factor is dispositive, this factor weighs heavily against the appointment of counsel.

      **B.**    **The Difficulty of the Particular Legal Issues**

In cases involving complicated legal issues, courts should be "more inclined to appoint counsel." Tabron, 6 F.3d at 156.  This will benefit all parties involved.  Parham, 126 F.3d at 459.  At this early stage in the litigation, it appears that the legal issues inherent in Plaintiff's claims are not overly complex.  Plaintiff alleges violations of Title VII and the PHRA (specifically, national origin discrimination and retaliation during his employment with Defendant).  These appear to be standard claims and do not implicate any complicated or novel issues of law.  In light of Plaintiff's abilities, including his representation during this litigation so far, we believe that the instant legal issues are within his range of competence.

      **C.**    **The Necessity and Ability of the Plaintiff to Pursue Factual Investigation**

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation.  Tabron, 6 F.3d at 156.  Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel.  Id.  At this early stage in the proceedings, it is too difficult to ascertain the investigative needs of Plaintiff.  However, the simplicity of the claims and the seemingly limited number of persons involved point to this litigation not requiring extensive discovery or compliance with complex discovery rules.  In addition, we note that Plaintiff does not have any restraints on his ability to pursue such investigation if necessary.

### D. The Plaintiff's Capacity to Retain Counsel on His Own Behalf

The appointment of counsel is not warranted where the plaintiff can easily afford and attain counsel. Id. at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. Parham, 126 F.3d at 458. Here, the Plaintiff is indigent and is proceeding in forma pauperis. While clearly not a situation where Plaintiff can afford counsel, this does not appear to be the best case to expend the limited volunteer resources. Overall, much like in Gordon and Asemani we question the "independent weight" of this factor as "indigent litigants by definition will almost always be able to satisfy it." Gordon, 232 F. App'x at 157; Asemani v. Sec. of the Dept. of Homeland Security, No. 11-7448, 2012 WL 569386, at *3 (E.D. Pa. Feb. 22, 2012). Although Plaintiff cannot afford to retain counsel, we do not find this factor to weigh heavily in his favor.

### E. The Extent to which this Case is Likely to Turn on Credibility Determinations

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. Lasko v. Watts, 373 F. App'x 196, 201 (3d Cir. 2010). Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." Parham, 126 F.3d at 460. This case does not appear to solely rely upon determinations of credibility, and does not appear be exclusively a swearing contest. Consequently, this factor does not favor the appointment of counsel.

### F. Expert Witness Testimony

The necessity of cross examining expert witnesses may favor the appointment of counsel. Tabron, 6 F.3d at 156. However, the appointment of counsel is not necessary in every case

warranting expert testimony.  <u>Lasko</u>, 373 F. App'x at 202.  At these preliminary stages, the testimony of expert witnesses does not appear to be necessary.  Accordingly, this prong does not favor the appointment of counsel.

### III.     CONCLUSION

Congress has entrusted the district courts with the judicial discretion to determine when to appoint counsel.  <u>See</u> 28 U.S.C. § 1915(e)(1).  In effectuating this responsibility, the United States Court of Appeals for the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations.  <u>See</u> <u>Tabron</u>, 6 F.3d at 155.  Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the limited and "precious commodity" of volunteer legal advocates.  Thus, courts usually reserve the appointment of counsel for situations where there is a showing of special circumstances.  <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).  After careful analysis in light of <u>Tabron</u> and its progeny, we find that more factors weigh against appointing counsel.  Consequently, Plaintiff's Request for Appointment of Attorney is denied.

An appropriate Order follows.