## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| BLONDEL TCHOUPOU KENNE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  13-6007 |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                             **SEPTEMBER 17, 2014**

Presently pending before the Court is the Motion to Dismiss Complaint by Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA"), the Response by Plaintiff Blondel Tchoupou Kenne ("Kenne") entitled "Motion to Continue the Complaint," and SEPTA's Reply.  For the reasons set forth below, SEPTA's Motion is granted.

## I.    BACKGROUND

Kenne's pro se Complaint alleges unlawful employment discrimination and retaliation against SEPTA under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S. §§ 951 *et seq.*[1]  *See* Compl.  Kenne, who is from Cameroon, Africa, alleges that SEPTA harassed him based upon his national origin, and terminated his employment in retaliation for filing a charge of discrimination.  Id. at 3, 6.  Kenne started working for SEPTA on November 3, 2007.  Id. at 3.

---

[1] Kenne only brings his action pursuant to the PHRA.  *See* Compl.  He does not allege a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*  "Generally, the PHRA is applied in accordance with Title VII."  Dici v. Com. of Pa., 91 F.3d 542, 552 (3d Cir. 1996).  Although Kenne failed to allege any violation of Title VII, we have included it in our analysis out of an abundance of caution due to his pro se status.  *See* Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("[W]hen presented with a pro se litigant, we have a special obligation to construe his complaint liberally.")

Prior to filing this action, Kenne filed two charges of discrimination with the Equal

Employment Opportunity Commission ("EEOC") that were dual filed with the Pennsylvania

Human Relations Commission ("PHRC").[2]  (Pl.'s Mot. to Continue Compl.; Doc. Nos. 13-2, 13-

3.)  On September 9, 2009, Kenne filed a discrimination charge alleging discrimination and

harassment based upon his national origin ("2009 Charge").  (Id.)  On September 16, 2009,

Kenne submitted a "Request for Withdrawal of Charge of Discrimination" based upon

confidential reasons.  (Id., Doc. No. 13-2.)  It does not appear that Kenne subsequently attempted

to proceed in any manner with the 2009 Charge.

On November 22, 2011, Kenne's employment with SEPTA as a First Class Maintainer

was terminated.  Compl. at 3.  Kenne states that the reasons given by SEPTA for the discharge

were failure to follow a directive and job abandonment.  Id.  On January 3, 2012, Kenne filed a

charge of discriminatory retaliation with the EEOC and the PHRA ("2012 Charge").  (Pl.s' Mot.

to Continue Compl.; Doc. No. 13-3.)  Kenne states that SEPTA terminated his employment in

retaliation for his filing of the 2009 Charge.  (Id.)  On July 30, 2013, the EEOC sent Kenne a

Right-To-Sue letter.  Compl. at 7.  Kenne filed his Complaint, and was granted in forma pauperis

status, on October 17, 2013.  (Doc. Nos. 3, 4.)  Kenne's Request for Appointment of Counsel

was denied on July 25, 2014.  (Doc. No. 12.)

## II.  DISCUSSION

### A.  Harassment & Discrimination Claim

SEPTA argues that Kenne's claim based upon harassment and discrimination should be

---

[2]The Court notes that it can properly consider Kenne's charges of discrimination attached to his response to SEPTA's Motion to Dismiss.  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (when addressing a motion to dismiss, a court may consider the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents").

dismissed for failure to exhaust his administrative remedies.  (Def.'s Reply at 2-4.)  SEPTA asserts that Kenne's withdrawal of his 2009 Charge forecloses him from bringing this lawsuit based upon the harassment and discrimination claims contained therein.  (Id.)  We agree.

"To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination."  Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997) (citing 43 Pa. C.S. §§ 959(a), 962).  "If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA."  Id.; see also Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 478 (E.D. Pa. 2013) ("Before filing suit under the PHRA, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the [PHRC] or EEOC.")  "The analysis of whether a plaintiff has failed to exhaust those remedies under the PHRA is identical to that of whether he or she has done so under Title VII."[3]  Schouten v. CSX Transp., Inc., 58 F. Supp. 2d 614, 617 (E.D. Pa. 1999) (citation omitted).

"It is well settled that withdrawal of one's claims prior to a determination by the proper administrative agency constitutes failure to exhaust one's remedies."  Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610, 613 (E.D. Pa. 2001); see also Rhoades v. Young Women's Christian Ass'n of Greater Pitts., Civ. No. 09-1548, 2010 WL 4668469, at *4-5 (W.D. Pa. Nov. 9, 2010) ("Even if Plaintiff had timely filed her claims with the PHRC, she failed to exhaust her administrative remedies with respect to those claims when she withdrew them from the PHRC."); Ellis v. Mohenis Svcs., Inc., Civ. No. 96-6307, 1997 WL 364468, at *3 (E.D. Pa. June

---

[3]Title VII requires that a plaintiff file a complaint with the EEOC within 300 days of the alleged discriminatory conduct if the plaintiff has filed a complaint with a local or state agency, such as the PHRC.  See 42 U.S.C. § 2000e–5(e).

18, 1997) ("Despite Plaintiff's mention of the PHRA in his EEOC charge, Plaintiff has not made use of the PHRA's procedures, and has asserted that he will not make use of them in the future. Under these circumstances, I find that Plaintiff has not invoked the PHRA.")

Kenne's withdrawal of his 2009 Charge one week after initiating it did not permit the PHRC nor the EEOC to make any determinations on his claims.  Kenne has failed to exhaust his administrative remedies under the PHRA and Title VII insofar as he claims harassment and discriminatory conduct in his Complaint.  Consequently, SEPTA's Motion to Dismiss Kenne's harassment and discrimination claims based upon national origin are dismissed.

### B.    Retaliation Claim

Kenne asserts that SEPTA retaliated against him by terminating his employment, based on his national origin, for engaging in the protected activity of filing his 2009 Charge.  See Compl.  Title VII protects employees who attempt to exercise the rights guaranteed by the Act against retaliation by employers.  See 42 U.S.C. § 2000e–3(a).  Similarly, the PHRA declares it to be an "unlawful discriminatory practice" for an employer "to discriminate in any manner against any individual because such individual has opposed any practice forbidden by [the PHRA], or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under [the PHRA]."  43 Pa. C.S. § 955(d).

To establish a prima facie case of retaliation under Title VII, a plaintiff must first prove that: "(1) she engaged in activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between her participation in the protected activity and the adverse employment action."  Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)).

Activities protected from retaliation include opposing any practice made unlawful by Title VII such as the following: making a charge of employment discrimination; or testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII.  See 42 U.S.C. § 2000e–3(a); Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 287–88 (3d Cir. 2001).  One way in which a plaintiff may establish the requisite causal link between the protected activity and the retaliatory act is by showing "temporal proximity" or a pattern of ongoing antagonism sufficient to give rise to an inference of retaliation.  Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280–81 (3d Cir. 2000); see also Woodson, 109 F.3d at 920–21 ("[T]emporal proximity . . . is sufficient to establish the causal link. . . .  [A] plaintiff can [also] establish a link between his or her protected behavior and subsequent discharge if the employer engaged in a pattern of antagonism in the intervening period.")  "Where the temporal proximity is not 'unusually suggestive,' we ask whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference.'"  LeBoon v. Lancaster Jewish Comm. Ctr. Ass'n, 503 F.3d 217, 232-33 (3d Cir. 2007) (quoting Farrell, 206 F.3d at 280).  "Among the kinds of evidence that a plaintiff can proffer are intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus."  Id. (citing Farrell, 206 F.3d at 279-81).

For purposes of this Motion only, SEPTA concedes that Kenne suffered an adverse employment action on November 22, 2011, and engaged in protected activity on September 9, 2009, by filing the 2009 Charge.  (Def.'s Reply at 5.)  SEPTA disputes whether a causal link between the two has been established.

Kenne asserts that he was terminated not for failure to follow a directive and job

5

abandonment, but for filing his 2009 Charge. As previously mentioned, Kenne filed his 2009 Charge on September 9, 2009, and withdrew it on September 16, 2009. See *supra* p. 2. He was fired on November 22, 2011. Id. Kenne does not complain about any conduct subsequent to his termination. Kenne's dismissal, which occurred over two years later in November 2011, lacks sufficient temporal proximity to alone be unduly suggestive of a retaliatory motive based on his national origin. See LeBoon, 503 F.3d at 232 (noting that a gap of three months between protected activity and adverse action, without more, is insufficient to establish causal connection).

"While the 'mere passage of time is not legally conclusive proof against retaliation,' the absence of temporal proximity is a factor in determining whether a causal link exists between the protected activity and the discharge." Fullman v. Potter, 480 F. Supp. 2d 782, 791 (E.D. Pa. 2007), *aff'd*, 254 F. App'x 919 (3d Cir. 2007) (citing Robinson v. Southeastern Pa. Transp. Auth., 982 F.2d 892, 894–95 (3d Cir. 1993); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503–04 (3d Cir. 1997) (finding nineteen months between filing of EEOC charges and adverse action was too attenuated to create a genuine issue of fact on summary judgment); Shaner v. Synthes, 204 F.3d 494, 505 (3d Cir. 2000) (finding no causal connection when alleged retaliatory action occurred nearly a year after protected activity)).

Notably, Kenne's retaliation claim solely rests upon the fact that he was terminated after his 2009 Charge. He does not advance any argument or offer any evidence to show that a pattern of antagonism or retaliatory motive suggesting that he had been terminated for filing his 2009 Charge. Viewing the totality of Kenne's allegations, and his documentation, there is no evidence of retaliatory animus in this case. Kenne has not carried his burden of establishing a causal link between filing the 2009 Charge and being terminated in this case. See Woodson, 109 F.3d at 920

6

n.2 (stating that the burden of persuading the trier of fact that the defendant intentionally retaliated against the plaintiff remains at all times with the plaintiff).  "[T]he mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." Krouse, 126 F.3d at 503 (quoting Robinson, 120 F.3d at 1302).

There is no suggestive temporal proximity or pattern of antagonism indicative of a causal nexus between Kenne's protected activity and SEPTA's termination of his employment more than two years later in 2011.  Quite simply, Kenne's allegations viewed as a whole do not evidence any retaliatory animus by SEPTA in this case.  As a result, Kenne failed to establish a prima facie case of retaliation based on his national origin.  Accordingly, SEPTA's Motion to Dismiss Kenne's retaliation claim is granted.

III.   **CONCLUSION**

Kenne's harassment and discrimination claim pursuant to the PHRA and Title VII based upon national origin are dismissed for failure to exhaust administrative remedies.  Kenne's remaining claim of retaliation is dismissed because he has failed to establish a prima facie case of retaliation based on his national origin under either the PHRA or Title VII.

An appropriate Order follows.